## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Zachary Faith<br>300 14th St.<br>Ford City, PA 16226,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>State Farm Mutual Automobile Insurance<br>Company<br>One State Farm Dr.<br>Concordville, PA 19339<br>　　　　　　Defendant | # 2:21-cv-13 |

# COMPLAINT

## PARTIES

1. Plaintiff, Zachary Faith, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Defendant, State Farm Mutual Automobile Insurance Company, was at all times material hereto, an insurance company duly authorized and licensed to practice its profession by the Commonwealth of Pennsylvania. Defendant was engaged in the practice of providing automobile insurance policies, including, but not limited to, motor vehicle liability policies. These policies would also occasionally provide underinsured and uninsured motorist coverage.

3. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands trial by jury in this action of all issues so triable.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the parties and subject matter in this civil action. Plaintiff is a citizen of Pennsylvania, and Defendant, upon information and belief, is a corporate entity with its principal place of business in Pennsylvania.  The amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

5.     Venue is proper in the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) (1) and (2), in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred.

## FACTS

6.     On or about August 11, 2018, at approximately 4:50 a.m., while westbound on Route 422, the Plaintiff was struck by a vehicle, which had entered into the Plaintiff's lane of travel from the opposing direction.

7.     At the same date and time, Kolton L. Saylor (hereinafter, "the tortfeasor"), was the owner and operator of a motor vehicle that was traveling at or near the location of the Plaintiff's vehicle.

8.     At or about the same date and time, the tortfeasor's vehicle collided with Plaintiff's vehicle.

9.     This collision was the direct result of the tortfeasor negligently or carelessly operating his/her vehicle, and not as the result of any action or failure to act by Plaintiff.

10.    As a result of the collision, Plaintiff suffered serious and permanent bodily injury, including, but not limited to, protrusions and tears in the cervical spine, with radicular components, as well as whiplash, as set forth more fully below.

11. The negligence or carelessness of the tortfeasor, which was the direct and sole cause of the motor vehicle collision and of the injuries and damages sustained by Plaintiff, consisted of, but was not limited to, the following:

  a.. Operating his/her vehicle into Plaintiff's lane of travel;

  b. Failing to maintain proper distance between vehicles;

  c. Operating said vehicle in a negligent or careless manner without regard for the rights or safety of Plaintiff or others;

  d. Failing to have said vehicle under proper and adequate control;

  e. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

  f. Violation of the "assured clear distance ahead" rule;

  g. Failure to keep a proper lookout;

  h. Failure to apply brakes earlier to stop the vehicle without causing a motor vehicle collision;

  i. Being inattentive to his/her duties as an operator of a motor vehicle;

  j. Disregarding traffic lanes, patterns, and other devices;

  k. Driving at a high rate of speed that was dangerous for the conditions;

  l. Failing to remain continually alert while operating said vehicle;

  m. Failing to perceive the highly apparent danger to others that his/her actions or inaction posed;

  n. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

  o. Failing to exercise ordinary care to avoid a collision;

      p.    Failing to be highly vigilant and maintain sufficient control of his/her vehicle and to bring it to a stop on the shortest possible notice;

      q.    Operating his/her vehicle with disregard for the rights of Plaintiff, even though the tortfeasor was aware of or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

      r.    Continuing to operate hi/her vehicle in a direction towards Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision; and

      s.    Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles.

12.    As a direct result of the negligent or careless conduct of the tortfeasor, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions. These injuries include, but are not limited to, protrusions and tears in the cervical spine, with radicular components, as well as whiplash.

13.    These injuries are permanent in nature and are to Plaintiff's great financial detriment and loss. As a result of these injuries, Plaintiff has in the past suffered, is presently suffering, and may in the future suffer great anguish, sickness, and agony.

14.    As an additional result of the carelessness or negligence of the tortfeasor, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

15. As a further result of the aforesaid physical injuries, Plaintiff has in the past undergone, is presently undergoing, and may in the future undergo a great loss of earnings or earning capacity, all to Plaintiff's further loss and detriment.

16. Upon information and belief, at the time of the motor vehicle collision in this case, the tortfeasor's motor vehicle insurance policy or liability insurance were insufficient to fully and adequately compensate Plaintiff for the injuries suffered in the collision and/or for other damages and expenses related thereto.

17. At the date and time of the aforementioned motor vehicle collision, Plaintiff was the owner and operator of a motor vehicle that was covered by a policy of insurance issued by Defendant under Policy Number 219 1784-D25-38E. This policy included coverage for underinsured motorist coverage applicable to Plaintiff.

18. Accordingly, Plaintiff asserts an Underinsured Motorist Claim against Defendant.

WHEREFORE, Plaintiff, Zachary Faith, demands judgment in Plaintiff's favor and against Defendant, State Farm Mutual Automobile Insurance Company, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY: *Ashley Henkle*
Ashley Henkle, Esquire

## VERIFICATION

I am the Plaintiff this action, and I hereby state that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief. I understand that this Verification is subject to 18 Pa.C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

*[signature]*