## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

Zachary Faith                         :
300 14th St.                        :       Civil Action No. 21-cv-0013
Ford City, PA 16226,             :       Magistrate Judge Maureen P. Kelly
                                     :
             Plaintiff,      :
                                     :
v.                               :
                                   :
State Farm Mutual Automobile Insurance  :
Company                        :
One State Farm Plaza            :
Bloomington, IL 61710          :
             Defendant     :
                                   :

## SECOND AMENDED COMPLAINT

### PARTIES

1.     Plaintiff, Zachary Faith, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2.     Defendant, State Farm Mutual Automobile Insurance Company, was at all times material hereto, an insurance company duly authorized and licensed to practice its profession by the Commonwealth of Pennsylvania.  Defendant was engaged in the practice of providing automobile insurance policies, including, but not limited to, motor vehicle liability policies. These policies would also occasionally provide underinsured and uninsured motorist coverage.

3.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands trial by jury in this action of all issues so triable.

## JURISDICTION AND VENUE

4.       This Court has diversity jurisdiction over the parties and subject matter in this civil action.  Plaintiff is a citizen of Pennsylvania, and Defendant, upon information and belief, is a corporate entity with its principal place of business in Bloomington, Illinois.  The amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

5.       Venue is proper in the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) (1) and (2), in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred.

## FACTS

6.       On or about August 11, 2018, at approximately 4:50 a.m., while westbound on Route 422, the Plaintiff was struck by a vehicle, which had entered into the Plaintiff's lane of travel from the opposing direction.

7.       At the same date and time, Kolton L. Saylor (hereinafter, "the tortfeasor"), was the owner and operator of a motor vehicle that was traveling at or near the location of the Plaintiff's vehicle.

8.       At or about the same date and time, the tortfeasor's vehicle collided with Plaintiff's vehicle.

9.       This collision was the direct result of the tortfeasor negligently or carelessly operating his/her vehicle, and not as the result of any action or failure to act by Plaintiff.

10.      As a result of the collision, Plaintiff suffered serious and permanent bodily injury, including, but not limited to, protrusions and tears in the cervical spine, with radicular components, as well as whiplash, as set forth more fully below.

## COUNT I
### Negligence

11.     The negligence or carelessness of the tortfeasor, which was the direct and sole cause of the motor vehicle collision and of the injuries and damages sustained by Plaintiff, consisted of, but was not limited to, the following:

a..    Operating his/her vehicle into Plaintiff's lane of travel;

b.    Failing to maintain proper distance between vehicles;

c.    Operating said vehicle in a negligent or careless manner without regard for the rights or safety of Plaintiff or others;

d.    Failing to have said vehicle under proper and adequate control;

e.    Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

f.    Violation of the "assured clear distance ahead" rule;

g.    Failure to keep a proper lookout;

h.    Failure to apply brakes earlier to stop the vehicle without causing a motor vehicle collision;

i.    Being inattentive to his/her duties as an operator of a motor vehicle;

j.    Disregarding traffic lanes, patterns, and other devices;

k.    Driving at a high rate of speed that was dangerous for the conditions;

l.    Failing to remain continually alert while operating said vehicle;

m.    Failing to perceive the highly apparent danger to others that his/her actions or inaction posed;

n.    Failing to give Plaintiff meaningful warning signs concerning the impending collision;

o.  Failing to exercise ordinary care to avoid a collision;

p.  Failing to be highly vigilant and maintain sufficient control of his/her vehicle and to bring it to a stop on the shortest possible notice;

q.  Operating his/her vehicle with disregard for the rights of Plaintiff, even though the tortfeasor was aware of or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

r.  Continuing to operate hi/her vehicle in a direction towards Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision; and

s.  Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles.

12.     As a direct result of the negligent or careless conduct of the tortfeasor, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions.  These injuries include, but are not limited to, protrusions and tears in the cervical spine, with radicular components, as well as whiplash.

13.      These injuries are permanent in nature and are to Plaintiff's great financial detriment and loss.  As a result of these injuries, Plaintiff has in the past suffered, is presently suffering, and may in the future suffer great anguish, sickness, and agony.

14.      As an additional result of the carelessness or negligence of the tortfeasor, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

15.     As a further result of the aforesaid physical injuries, Plaintiff has in the past undergone, is presently undergoing, and may in the future undergo a great loss of earnings or earning capacity, all to Plaintiff's further loss and detriment.

16.     Upon information and belief, at the time of the motor vehicle collision in this case, the tortfeasor's motor vehicle insurance policy or liability insurance were insufficient to fully and adequately compensate Plaintiff for the injuries suffered in the collision and/or for other damages and expenses related thereto.

17.     At the date and time of the aforementioned motor vehicle collision, Plaintiff was the owner and operator of a motor vehicle that was covered by a policy of insurance issued by Defendant under Policy Number 219 1784-D25-38E.  This policy included coverage for underinsured motorist coverage applicable to Plaintiff.

18.     Accordingly, Plaintiff asserts an Underinsured Motorist Claim against Defendant.

WHEREFORE, Plaintiff, Zachary Faith, demands judgment in Plaintiff's favor and against Defendant, State Farm Mutual Automobile Insurance Company, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT II
### Violation of 42 Pa.C.S.A. § 8371

19.     Plaintiff, Zachary Faith, hereby incorporates by reference the foregoing Paragraphs 1 through 18 of this Second Amended Complaint as though same were fully set forth herein.

20.     The Pennsylvania Bad Faith State, 42 Pa.C.S.A. § 8371, provides:

> In an action arising under an insurer policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus #5;

(2) Award punitive damages against the insurer; and

(3) Assess court costs and attorneys fees against the insurer.

42 Pa.C.S.A. § 8371.

21.     The underinsured motorist claims of the plaintiff, Zachary Faith, are an action under an insurance policy.

22.     The defendant, State Farm, acted in bad faith and in violation of 42 Pa.C.S.A. § 8371 in failing to make payment of a fair and reasonable amount of underinsured motorist benefits to the plaintiff, Zachary Faith, by *inter alia*:

    a.   Engaging in unfair or deceptive acts or practices;

    b.   Failing to fully, fairly, and promptly evaluate the underinsured motorist claims of the plaintiff, Zachary Faith;

    c.   Failing to make an offer of underinsured motorist benefits to the plaintiff, Zachary Faith;

    d.   Failing to make payment of the $50,000 UIM limit of coverage to the plaintiff, Zachary Faith;

    e.   Failing to continue to fully, fairly, and promptly evaluate the underinsured motorist claims of the plaintiff, Zachary Faith, as additional information is developed regarding his injuries;

    f.   Failing to offer a fair and reasonable amount of underinsured motorist benefits to the plaintiff, Zachary Faith, to fully and fairly compensate him for his loss;

g.  Failing to effectuate a prompt and fair settlement of the underinsured motorist claims of the plaintiff, Zachary Faith, given the fact that the following documentation, among others, provided to Defendant on February 25 of 2021, makes clear that tender of the $50,000 policy is warranted:

    i.  Medical records from Armstrong County Memorial Hospital, indicating Plaintiff, Zachary Faith's, initial complaints on August 11, 2018 were, "neck pain status post motor vehicle accident this morning."

    ii.  Medical records from The Rehab Centre, indicating on August 16, 2018 that Plaintiff, Zachary Faith, was involved in a motor vehicle accident on August 11, 2018, and began treatment for his neck and upper back through July of 2019.

    iii.  Medical records from Centre Commons MRI & CT from September 6, 2018, indicating Plaintiff, Zachary Faith, was involved in an "MVA" and had "neck pain and numbness in right hand," and further showed a disc protrusion at C5-C6 with posterior annular tear.

    iv.  Medical records from Advantage Medical and Rehabilitation from November 5, 2018, indicating that Plaintiff, Zachary Faith, had been involved in a motor vehicle accident on August 11, 2018, and suffers from "*cervical radiculopathy involving the bilateral C5-C6 and right C6-C7 nerve roots consistent with the timing of the motor vehicle accident and the MRI which revealed disc protrusion at C5-C6.*"

    v.  Medical records from DNA Advanced Pain Treatment Center, indicating that Plaintiff, Zachary Faith, presented with neck pain on March 7, 2019 with onset after a motor vehicle accident on August 11, 2018 and received multiple injections and procedures, including a *radiofrequency ablation procedure at the C5 level of his cervical spine, which was injured in this motor vehicle accident*.

    vi.  Medical reports of Dr. Yeshvant Navalgund dated July 22, 2020 and October 1, 2020, diagnosing Plaintiff, Zachary Faith, with *cervical radiculopathy, a disc protrusion at C5-C6, and cervicogenic headaches resulting from an injury at the C2-C3 facet joint directly related to the motor vehicle accident on August 11, 2018*.

    vii.  Life care plan of Maryanne Cline, RN dated August 31, 2020, attributing *$388,117.00 in future medical care necessary and related*

> *to the injuries sustained in the motor vehicle accident on August 11, 2018.*

h.  Failing to properly and fairly resolve the underinsured motorist claim of the plaintiff, Zachary Faith;

i.  Forcing the plaintiff, Zachary Faith, to proceed to litigate his claims to recover underinsured motorist benefits;

j.  Failing to comply with the terms and provisions of the Insuring Agreement;

k.  Breaching the implied covenant of good faith and fair dealing;

l.  Accepting premiums for underinsured motorist coverage while, at the same time, refusing to pay a reasonable fair amount of underinsured motorist benefits to the plaintiff, Zachary Faith, in violating of Pennsylvania law;

m.  Violating the Unfair Insurance Practices Act, 40 P.S. § 1171.1 et seq.;

n.  Acting in a dilatory and obdurate manner in the handling of the underinsured motorist claims of the plaintiff, Zachary Faith;

o.  Forcing the plaintiff, Zachary Faith, to incur fees, costs and expenses in pursuing litigation in order to recover underinsured motorist benefits;

p.  Wantonly and willfully disregarding the rights of the plaintiff, Zachary Faith;

q.  Recklessly disregarding the right of the plaintiff, Zachary Faith, to recover the $50,000 limit of underinsured motorist benefits;

r.  Elevating its own interests above those of the plaintiff, Zachary Faith;

s.  Breaching the duty of good faith and fair dealing;

t.  Breaching the fiduciary duties owed to the plaintiff, Zachary Faith;

u.  Violating the statutes and regulations governing the actions and practices of insurers in Pennsylvania;

v.   Violating its own internal policies, procedures, practices and guidelines for the handling of underinsured motorist claims;

w.  Such other acts or omissions as may be developed during discovery.

23.     The defendant, State Farm, is liable for payment of interests, fees, costs and punitive damages to the plaintiff, Zachary Faith, for the bad faith conduct in handling and adjusting his underinsured motorist claim.

24.     The defendant, State Farm, is liable for payment of all actual damages and consequential damages to the plaintiff, Zachary Faith, for the wanton, willful and reckless bad faith conduct in handling and refusing to fairly adjust, evaluate and settle the underinsured motorist claims of the plaintiff, Zachary Faith.

25.     The defendant, State Farm, wantonly and willfully ignored the rights of the plaintiff, Zachary Faith, under the policy of insurance in question.

26.     The defendant, State Farm, recklessly disregarded the rights of the plaintiff, Zachary Faith, with knowledge of its wanton and willful actions.

27.     The defendant, State Farm, knowingly disregarded the rights of the plaintiff, Zachary Faith, intentionally forcing the plaintiff, Zachary Faith, to proceed toward trial in order to recover underinsured motorist benefits, being fully aware that the underinsured motorist claim had a value in excess of the available underinsured motorist limits of coverage.

28.     Plaintiff is entitled to recover counsel fees and costs from the defendant, incurred in the underinsured motorist litigation.

29.     Plaintiff is entitled to recover counsel fees and costs from the defendant, incurred in the instant bad faith litigation.

WHEREFORE, the plaintiff, Zachary Faith, respectfully requests that the Court enter judgment against the defendant, State Farm, awarding all actual damages, consequential damages, interest, counsel fees, costs and punitive damages to the plaintiff, Zachary Faith.

SIMON & SIMON, P.C.

BY: _____/s/_____
        Ashley Henkle, Esquire