**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ZACHARY FAITH,                              )
                                            )
        Plaintiff,                  )          Civil Action No. 21-cv-0013
                                            )          Magistrate Judge Maureen P. Kelly
        v.                          )
                                            )          Re: ECF No. 10
STATE FARM MUTUAL AUTOMOBILE                )
INSURANCE COMPANY,                          )
                                            )
        Defendant.                  )

## OPINION AND ORDER

       Plaintiff Zachary Faith ("Faith"), a Pennsylvania resident, brings a state law insurance bad faith claim against Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), an Illinois company. Faith alleges that State Farm engaged in bad faith when it failed to pay the proceeds of an underinsured motorist policy following an automobile accident in which Faith was severely injured.

       Presently before the Court is a Motion to Dismiss filed on behalf of State Farm. ECF No. 10. For the reasons that follow, the Motion to Dismiss will be granted as to Faith's breach of fiduciary duty claim but denied as to all remaining claims.[1]

## I.  FACTUAL AND PROCEDURAL BACKGROUND

       Faith alleges the following facts, all of which are presumed to be true for purposes of resolving the pending Motion to Dismiss.

       On August 11, 2018, Faith was driving westbound on Route 422 when he was struck by a vehicle traveling eastbound that entered his lane of travel. A second vehicle then collided with

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case. ECF Nos. 22 and 23.

Faith's vehicle. As a result of this collision, Faith suffered serious injuries, including impairment of bodily functions, serious disfigurement and cervical spine protrusion and tears, with radicular components, as well as lost earnings and earning capacity, and emotional injuries. Faith alleges that the proceeds of the tortfeasor's insurance policy are insufficient to compensate him adequately for his injuries.

At the time of the accident, Faith was the owner and operator of a motor vehicle covered by a State Farm policy that provided underinsured motorist coverage of $50,000. Faith presented State Farm with a claim for the proceeds of his policy and, since this litigation began, has provided medical documentation demonstrating the severity of his injuries and a "Life Care Plan" reflecting that he will incur $388,117 in future medical care and related expenses. Despite this information, State Farm has failed to remit the proceeds of the policy and has instead required Faith to litigate his entitlement to the full value of the policy.

Faith began this action with the filing of a Complaint that failed to establish this Court's jurisdiction over his state law claim. ECF No. 1. He then filed a First Amended Complaint that sufficiently alleged the diversity of the parties under 28 U.S.C. § 1332 and set forth a claim related to the underlying tortfeasor's negligence and a claim against State Farm for underinsured motorist ("UIM") benefits. ECF No. 3. Faith followed with the filing of the operative Second Amended Complaint and added a claim against State Farm for the violation of Pennsylvania's insurance bad faith statute. ECF No. 9. Faith alleges that the amount in controversy therefore exceeds the sum of $75,000, exclusive of interest and costs.

State Farm filed the pending Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for bad faith on which relief may be granted. ECF No. 10. State Farm also moves to strike allegations that it breached a fiduciary duty owed to Faith because, as

a matter of law, no such duty is owed by an insurer to its insured. Id. Faith concedes that no fiduciary duty is owed and, accordingly, the Motion to Dismiss this claim is granted.

## II.  STANDARD OF REVIEW

A complaint may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." "[D]etailed pleading is not generally required." Connelly v. Lane Const. Corp., 809 F.3d 780, 786 (3d Cir. 2016). Rather, the rules require "only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotations omitted). Thus, to survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face" by providing facts which "permit the court to infer more than the mere possibility of misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009).

In assessing the sufficiency of a complaint, the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See Cal. Pub. Employees' Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678; see also Phillips v. County of Allegheny, 515 F.3d

224, 231 (3d Cir. 2008) (finding that, under <u>Twombly</u>, "labels and conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice. The complaint therefore "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim."). <u>Id.</u> at 233, 234.

## III.   DISCUSSION

Under Pennsylvania law, an insured may bring a statutory bad faith claim against their insurer. <u>See</u> 42 Pa. C.S. § 8371. Bad faith is distinct from any underlying breach of contract claim, and "extends to the handling of UIM claim." <u>Brown v. Progressive Ins. Co.</u>, 860 A.2d 493, 500 (Pa. Super. 2004) (citing <u>Bonenberger v. Nationwide Mut. Ins. Co.</u>, 791 A.2d 378, 381 (Pa. Super. 2002)); <u>Nealy v. State Farm Mut. Auto Ins. Co.</u>, 695 A.2d 790, 791 (Pa. Super. 1997), *appeal den.*, 717 A.2d 1028 (Pa. 1998).

To state a claim for bad faith under Section 8371, an insured must allege facts that plausibly establish: (1) the insurer had no "reasonable basis" for its actions; and (2) that the insurer "knew of or recklessly disregarded" the fact that it lacked a reasonable basis for its conduct. <u>Rancosky v. Wash. Nat'l Ins. Co.</u>, 170 A.3d 364, 365 (Pa. 2017). "[A]ctions constituting bad faith are not limited solely to a denial of coverage—bad faith may also include a lack of investigation, unnecessary or unfounded investigation, failure to communicate with the insured, or failure to promptly acknowledge or act on claims." <u>Ironshore Specialty Ins. Co. v. Conemaugh Health Sys., Inc.</u>, 423 F. Supp. 3d 139, 154–55 (W.D. Pa. 2019), *reconsideration denied*, No. 3:18-CV-153, 2020 WL 376994 (W.D. Pa. Jan. 23, 2020) (citing <u>Frog, Switch & Mfg. Co. v. Travelers Ins. Co.</u>, 193 F.3d 742, 751 n.9 (3d Cir. 1999)). "Bad faith can also include poor claims-handling, the

4

insurer's failure to act with diligence or respond to the insured, scattershot investigation, and similar conduct." <u>Id.</u> (citing <u>Rancosky</u>, 170 A.3d at 379 (Wecht, J., concurring)).

As particularly relevant to the allegations here, "bad faith is actionable regardless of whether it occurs before, during or after litigation…. [Moreover], using litigation in a bad faith effort to evade a duty owed under a policy would be actionable under Section 8371." <u>Hart v. Progressive Preferred Ins. Co.</u>, No. 17-1158, 2017 WL 11485593, at *3 (W.D. Pa. Dec. 6, 2017) (quoting <u>W.V. Realty, Inc. v. Northern Ins. Co.</u>, 334 F.3d 306, 313 (3d Cir. 2003)). The required inquiry is fact specific and "depend[s] on the conduct of the insurer vis à vis the insured." <u>Condio v. Erie Ins. Exch.</u>, 899 A.2d 1136, 1143 (Pa. Super. 2006).

Here, State Farm contends that Faith merely alleges "vague, boilerplate allegations of 'failing to pay the claim' and 'failing to properly evaluate the claim,'" and therefore alleges "a patently insufficient" claim for bad faith. ECF No. 12 at 4 (citing <u>Smith v. State Farm Mut. Auto. Ins. Co.</u>, 506 F. App'x 133, 137 (3d Cir. 2012)). State Farm also finds fault with Faith's allegations of misconduct "during the pendency of this litigation" as failing to state a claim upon which relief may be granted.

State Farm's protestations to the contrary, on the existing record at this early stage of the litigation, Faith states a plausible claim for coverage. While he will have to prove his bad faith claim by "clear and convincing evidence," <u>Rancosky</u>, 170 A.3d at 365, the allegations in the Second Amended Complaint, construed in his favor as required when considering a Rule 12(b)(6) motion, are enough to state a claim for bad faith. Faith alleges that State Farm failed (and continues to fail) to investigate and process his claim given information showing the seriousness of his injuries and resulting economic loss stemming from the accident.[2] Moreover, State Farm allegedly

---

[2] <u>See</u> <u>e.g.</u>, ECF No. 9 ¶ 22(g)(i)-(vi) alleging that as of February 25, 2021, Faith provided documentation and medical records for a period immediately following the accident through October 1, 2020 connecting cervical root compression

is "[f]orcing the plaintiff, Zachary Faith, to proceed to litigate his claims to recover underinsured motorist benefits."  This conduct "may ... show bad faith." Padilla v. State Farm Mut. Auto. Ins. Co., 31 F. Supp. 3d 671, 676 (E.D. Pa. 2014) (citing O'Donnell ex rel. Mitro v. Allstate Ins. Co., 734 A.2d 901, 906 (Pa. Super. 1999)).

Because Faith's well-pleaded assertions of unreasonable claims processing adequately state a plausible bad faith claim under Section 8371, dismissal is not warranted and the Motion to Dismiss Count II of the Complaint is denied.

## IV.    CONCLUSION

For the foregoing reasons, State Farm's Motion to Dismiss, ECF No. 10, is properly granted in part as to Plaintiff's breach of fiduciary duty claim but is denied as to Faith's bad faith claim. Accordingly, the following Order is entered:

ORDER

AND NOW, upon consideration of Defendant State Farm Mutual Automobile Insurance Company's Motion to Dismiss, ECF No. 10, and the briefs filed by the parties in support and in opposition thereto, ECF Nos. 12, 16, and 21, and for the reasons set forth in the accompanying Opinion, IT IS HEREBY ORDERED that the Motion to Dismiss Plaintiff Zachary Faith's claim for breach of fiduciary duty is granted, but the Motion to Dismiss his bad faith claim under 42 Pa. C.S. § 8371 is denied. Defendant shall answer Plaintiff's Complaint within 21 days of this Order.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if  Plaintiff wishes to appeal from this Order he or she must do so within

---

and bilateral disc protrusion with surgical ablation to the motor vehicle accident on August 11, 2018, and reflecting that Faith will require $388,117 in future medical care and related expenses).

thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk

of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.


*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE


Dated: September 8, 2021


cc:     All counsel of record by Notice of Electronic Filing